**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE GLENN,** | : | **CIVIL NO. 1:CV-13-2730** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **THERESA DELBALSO, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Tyrone Glenn ("Plaintiff"), at the time an inmate at the State Correctional Institution at Retreat ("SCI-Retreat"), Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  Named as defendants are the following SCI-Retreat employees: Theresa DelBalso, Superintendent; James Porzucek, Food Service Manager, and Christine McMillan, Inmate Grievance Coordinator.  Also named as a defendant is Dorina Varner, Secretary of Inmate Grievances and Appeals for the Pennsylvania Department of Corrections.  Plaintiff has filed a motion to proceed in forma pauperis in this matter.[1]  Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted.  For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      Allegations of the Complaint**

During the time period from July 16, 2013 through July 27, 2013, Plaintiff filed five (5)

_____

[1] Plaintiff completed this Court's form application for leave to proceed in forma pauperis and authorization form.  An Administrative Order was thereafter issued on November 12, 2013 (Doc. No. 6), directing the warden at SCI-Retreat to commence deducting the full filing fee from Plaintiff's prison trust fund account.

grievances pursuant to DC-ADM 804, the Inmate Grievance System of the Pennsylvania

Department of Corrections.  He states that each grievance complained about the lack of proper

food portions served to him on his meal trays.  Each of these grievances was denied as frivolous

by Defendants DelBalso, Porzucek and Varner.  On August 7, 2013, Defendant McMillan placed

Plaintiff on a 90-day grievance restriction sanction pursuant to DC-ADM 804, Section 1 which

provides for such imposition where an inmate files five (5) frivolous grievances within a 30-day

period.[2]  Plaintiff's appeal of the grievance restriction sanction to Defendants DelBalso and

Varner were unsuccessful.

In the instant complaint, Plaintiff claims that Defendants improperly denied his

grievances and failed to follow the procedures set forth in DC-ADM 804 when they did not

include sufficient reasons for finding his grievances frivolous.  When he brought these violations

to the attention of Defendants Delbalso and Varner, they took no action.  Plaintiff also believes

that Defendant Delbalso retaliating against him for filing the grievances by denying them as

frivolous.  Plaintiff seeks declaratory, injunctive, compensatory and punitive relief.

## II.     Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court

and wish to proceed in forma pauperis.  Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that (A) the allegation of poverty is untrue; or (B)
> the action or appeal (i) is frivolous or malicious; (ii) fails to state a
> claim on which relief may be granted; or (iii) seeks monetary relief
> against a defendant who is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a

---

[2]  Pursuant to the revisions to DOC policy and procedures issued on March 31, 2014, and made effective on May 1, 2014, this section can now be found at DC-ADM 804, Section 3.

complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ."  Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles.  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor.  See Burtch v. Milberg Factors, Inc., 62 F.3d 212, 220 (3d Cir. 2011), cert. denied, ___ U.S.___, 131 S. Ct. 1861 (2012)(citing In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010.  However, as the Supreme Court of the United States made clear in Bell Atlantic Corp. v. Twombly, "[f]actual allegations must be enough to raise a right to relief above the speculative level."   550 U.S. 554, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face)(quoting Twombly, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after Twombly and Iqbal, the United States Court of Appeals for the Third Circuit instructs that a district court must take a three-step approach when presented with a motion to dismiss for failure to state a claim.  Santiago v. Warminster Twp., 629 F.3d 121, 130 n. 7 (3d Cir. 2010).  First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." Id. at 130 (quoting Iqbal, 556 U.S. at 675).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" Id. (quoting Iqbal, 556 U.S. at 679).  Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement for relief.'" Id. (quoting Iqbal, 556 U.S. at 679).

It is further well established that a court must give a plaintiff the opportunity to amend a deficient complaint, regardless of whether the plaintiff requests to do so, when dismissing a case for failure to state a claim unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### A.      Liability for the denial of grievances and grievance appeals

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." Id. In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs ... shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08.

Plaintiff first seeks to impose liability upon Defendants due to their denial of his grievances as frivolous, the denial of his appeals therefrom, and his appeals with respect to his placement on grievance restriction. It is well-settled that inmates do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977); Speight v. Sims, 283 F. App'x 880, 881 (3d Cir. 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Moreover, participation in the after-the-fact review of a grievance or appeal is insufficient to establish personal involvement on the part of those individuals reviewing grievances. See Rode, 845 F.2d at 1208 (finding the filing of a

grievance insufficient to show the actual knowledge necessary for personal involvement);

Brooks v. Beard, 167 F. App'x 923, 925(3d Cir. 2006)(holding that a state prisoner's allegation

that prison officials and administrators responded inappropriately, or failed to respond to a prison

grievance, did not establish that the officials and administrators were involved in the underlying

allegedly unconstitutional conduct). Based on the foregoing, an inmate's dissatisfaction with

responses by prison officials to his grievances and appeals does not support a constitutional

claim against said officials.

Moreover, any claim that Defendants failed to follow state rules or regulations set forth

in DC-ADM 804 requiring certain procedures with respect to the grievance procedure, ie.,

setting forth sufficient reasoning for finding his grievances frivolous, fails to state a claim.

Prison regulations do not, in themselves, confer a liberty interest protect by due process, and the

failure of prison officials to follow DOC policy does not, in and of itself, result in a violation of

due process. Merely because state law prescribes certain procedures does not mean that the

procedures thereby acquire a federal constitutional dimension. United States v. Jiles, 658 F.2d

194, 200 (3d Cir. 1981); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003)("[T]here is no

federal constitutional liberty interest in having state officers follow state law or prison officials

follow prison regulations ....").[3]

**B.    Retaliation**

The First Amendment offers protection for a wide variety of expressive activities. See

---

[3]  The Court does not read Plaintiff's complaint to allege that his placement on grievance restriction in any way violated his constitutional rights. In fact, the complaint reveals that Plaintiff pursued appeals from his grievances, albeit unsuccessfully, through the required DC-ADM 804 channels. Further, any placement on grievance restriction would not have prevented him from exhausting his remedies in that an inmate on grievance restriction is merely limited to filing no more than one grievance every 15 days. See Cummings v. Crumb, 347 F. App'x 725, 727 (3d Cir. 2009).

U.S. Const. amend I.  These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct.  See Turner v. Safley, 482 U.S. 78, 89 (1987).  Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment.  See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).  To prevail on a retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him."  Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001)(quoting Allah, 229 F.3d at 225).

In the instant complaint, Plaintiff generally alleges that Defendant DelBalso retaliated against him for filing his grievances by upholding the denial of said grievances on appeal.  In doing so, he claims that DelBalso deterred him from exercising his right to file grievances.  However, Plaintiff asserts absolutely no facts to support his speculative assertion that merely because DelBalso upheld the denial of his grievances as frivolous, he did so in retaliation for Plaintiff having filed those grievances.  His unsupported assertion of retaliation is based only upon the circumstance that DelBalso upheld the denial of his grievances, and not on any other facts that would support a finding that DelBalso's denial of his grievance appeals was retaliatory and substantially motivated by constitutionally impermissible reasons.  The complaint is devoid of any facts which could support a claim that the denial of Plaintiff's grievance appeals by DelBalso was due to his having filed the grievances.  There are no facts establishing a retaliatory motive on the part of DelBalso.

Moreover, it is doubtful that the denial of Plaintiff's grievance appeal by DelBalso constitutes an "adverse action" as required to state a retaliation claim.  First, the grievance

process contains multiple levels of review, allowing an inmate to redress mistaken rejections or denials.  As such, the denial of an appeal on one level would not seem to be that kind of conduct that would deter an inmate of ordinary firmness from further pursing the grievance process. Clearly this is the case in the instant matter as Plaintiff further pursued his grievance denials through the entire process following DelBalso's denials, and continued to utilized the grievance system.  For these reasons, the Court finds that Plaintiff fails to state a claim of retaliation against DelBalso.

Based on the foregoing, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).   An appropriate order follows.