UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE GLENN,                    :
                                 :
          Plaintiff              :      No. 1:13-CV-02730
                                 :
     vs.                         :      (Judge Kane)
                                 :
THERESA DELBALSO, et al.,        :
                                 :
                                 :
          Defendants             :

MEMORANDUM

## I.  Background

On November 7, 2013, Tyrone Glenn, an inmate at the
State Correctional Institution at Retreat, Hunlock Creek,
Pennsylvania ("SCI-Retreat"), filed a complaint under 42 U.S.C. §
1983 against the following individuals employed by the
Pennsylvania Department of Corrections: (1)Theresa DelBalso,
Superintendent at SCI-Retreat; (2) James Porzucek, Food Service
Manager at SCI-Retreat; (3) Christine McMillan, Facility Grievance
Coordinator at SCI-Retreat; and (4) Dorina L. Varner, Chief
Grievance Officer with the Secretary's Office of Inmate Grievances
& Appeals located in Mechanicsburg, Pennsylvania.  (Doc. No. 1) In
the complaint, Glenn claimed that the defendants violated his
Fourteenth Amendment due process rights by failing to follow
grievance procedures.  (Id.) He further alleged that DelBalso
violated his First Amendment rights by retaliating against him for
filing grievances about food portions.  (Id.) More specifically,
Glenn claimed that DelBalso placed him on the maximum grievance
restriction of 90 days to punish him for filing grievances, not

because the grievances were frivolous, which would be appropriate
under the grievance policy. (Id.) After reviewing the complaint
pursuant to the screening provisions of Prison Litigation Reform
Act ("PLRA"), 28 U.S.C. 1915(e) this court on June 13, 2014,
dismissed the complaint for failure to state a claim upon which
relief may be granted without leave to file an amended complaint.

Glenn filed an appeal to the United States Court of
Appeals for the Third Circuit and on April 15, 2015, that court
affirmed in part and vacated in part this court's dismissal order.
The Third Circuit panel specifically stated that the dismissal of
the due process claims against all of the Defendants was
appropriate without granting leave to amend. Doc. 16-1, at 4 ("We
agree, however, with the District Court's dismissal of Glenn's due
process claim without leave to amend. Access to prison grievance
procedures is not a constitutionally-mandated right, and
allegations of improprieties in the handling of grievances do not
state a cognizable claim under § 1983.").

The Court of Appeals, however, held that with respect to
Glenn's First Amendment retaliation claim against DelBalso, Glenn
should have been granted leave to file an amended complaint.  The
Court of Appeals noted that leave to amend should be granted
unless doing so would be inequitable or futile.  Id., at 3.  The
Court of Appeals further explained:

> [a]lthough the District Court cited this general
> rule, it dismissed Glenn's complaint without leave
> to amend and without determining whether amendment

2

would be futile or inequitable. Because we cannot say
that amendment would be futile as to Glenn's
retaliation claim, we will vacate that portion of the
District Court's order and remand.

      To state a First Amendment retaliation claim,
a plaintiff must allege that he engaged in protected
conduct, he suffered an adverse action, and a causal
link existed between the protected conduct and the
adverse action. [citation omitted] As iterated in his
complaint, Glenn's retaliation claim was vague and,
as the District Court concluded, too speculative to
survive dismissal. [citation omitted]  That said, the
claim was not per se invalid or based on a flawed
legal theory, and Glenn  has somewhat clarified his
claim in his appellate brief.  Construed liberally,
Glenn seems to argue that DelBalso placed him on the
maximum grievance restriction because he filed
grievances, not because the grievances he filed were
frivolous. [citation omitted]  In other words, Glenn
claims he was singled-out and punished for engaging
in protected activity, which suggests he might be
able to state a retaliation claim. [citation omitted]
<u>If Glenn can further support this claim to make it
plausible, such as by providing further allegations
that suggest DelBalso was acting in a retaliatory
manner</u>, rather than appropriately sanctioning him for
filing frivolous grievances, his retaliation claim
<u>may survive dismissal</u>.[1]

<u>Id.</u>, at 3-4 (emphasis added).

      Upon receiving the mandate from the Court of Appeals,

this court issued an order reopening the case and authorizing

Glenn to file an amended complaint within 30 days. Doc. 17. On May

29, 2015, Glenn filed an amended complaint which is essentially

the same as the original complaint other than it is typewritten

and Glenn has attached numerous exhibits to it. Doc. 18.  Glenn

has reasserted his due process claims in the amended complaint

---

1.  The Court of Appeals limited the retaliation claim to
Defendant DelBalso.

against all of the Defendants and has not elaborated on the allegations of First Amendment retaliation leveled against Defendant DelBalso.

On August 25, 2015, the court issued an order directing the Clerk of Court to serve a copy of the amended complaint, notice of lawsuit and request for waiver of service of summons and waiver on each Defendant.  Defendants waived service on October 26, 2015. (Doc. No. 22)  The court will review the amended complaint pursuant to the screening provisions of the PLRA.  For the reasons set forth below, we will dismiss Glenn's amended complaint pursuant to  28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**II.  <u>Standard of Review</u>**

The PLRA imposed new obligations on prisoners who file suit in federal court and wish to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under 28 U.S.C. § 1915, including a new section relating to screening complaints in prisoner actions.  The court is obligated under the PLRA to dismiss an action filed by a prisoner if, at anytime, it determines that the action is frivolous or fails to state a claim, even after an answer or motion to dismiss has been filed.[2]

2.  Section 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious;

(continued...)

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). The Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194 (baseless factual contentions describe scenarios clearly removed from reality). The Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the

---

2.  (...continued)
    (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton</u>, 504 U.S. at 33.

Even though a complaint is not frivolous it still may be dismissed under the screening provision of the PLRA if it fails to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6) is the basis for this type of dismissal.  Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir.2009) (quoting <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>,556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556.) "[L]abels and conclusions" are not enough, <u>Twombly</u>, 550 U.S. at 555, and a court  "'is not bound

to accept as true a legal conclusion couched as a factual allegation.'" Id.(quoted case omitted).

In resolving the issue of whether a complaint states a viable claim, we thus "conduct a two-part analysis." Fowler, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

## III. Discussion

The only difference between the original complaint and the amended complaint are the exhibits attached to the amended complaint.  Consequently, all of Glenn's due process claims will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court will review the exhibits attached to the amended complaint to see if they in any fashion reveal a First Amendment retaliatory animus on the part of Defendant DelBalso.[3]

From July 16 through July 27, 2013, Glenn filed 5 grievances relating to food portions.  The first batch of exhibits (A and A-1 through A-5) relate to Grievance Number 469086 filed by

---

3.  In addressing a motion to dismiss a complaint, courts are to consider the allegations of the complaint, attached exhibits, and matters of public record. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Glenn on July 16, 2013. Doc. 18-1, at 3-8.  Exhibit A is the

official inmate grievance filed by Glenn which states in part as

follows:

> On 7-16-2013 I was served a measly and pathetic amount of
> potatoes (if it was half of a small potato sliced up, I'd
> be surprised) at the supper meal.  For once I'll
> give the kitchen staff credit for a least putting the
> potatoes in the largest slot, but then they give out the
> smallest portion of potatoes I ever seen in my 33 years
> of incarceration.  Food is one of the basic necessities
> of life, but your kitchen staff continues to feed the
> RHU like your trying to torture and punish. Deprivation
> of food is a violation of Pennsylvania's Constitution
> under Article I § 13 and the United States Constitution
> under the 8th Amendment. Clearly the kitchen supervisors
> are missing how certain trays are being prepared or this
> type of thing would not keep occurring.  I shouldn't
> have to keep grieving this type of matter.  If this
> continues, I will seek compensatory and punitive damages.
> Again since the supper meal is the last I'll
> receive (approximately 14 hours before breakfast, I
> should be given the proper portions if not more. Right
> is right.

Doc. 18-1, at 3.  Exhibit A-1 is Defendant Porzucek's response and

denial of that grievance (the Initial Review Response) which

states as follows:

> Inmate Glenn AM-6697: The meal in question was as
> follows; Hamburger 4 oz, Oven Browned Potatoes ½
> cup, Carrots ½ cup, round Roll 1 each, Condiment and
> Fruit.  All portion sizes per DOC spec are followed.
> The size slot is irrelevant, the portion of ½ cup is
> 4 oz and a 4 oz serving spoodle is used to serve the
> ½ cup required by DOC Master Menu specifications.
> Furthermore with checking with medical department you
> have shown no signs of weight loss, you have actually
> increased from 125 pounds on June 16th to 135 pounds on
> July 16th. Deprivation is not associated with weight
> gain, grievance is denied.

Doc. 18-1, at 4.  Defendant Porzucek also found Glenn's grievance

frivolous by checking the appropriate box on Initial Review

Response form. Id.

Glenn then filed an appeal (Exhibit A-2) to Defendant

DelBalso who denied the appeal on July 30, 2013 (Exhibit A-3). In

the denial DelBalso stated as follows:

> I am in receipt of your Grievance Appeal stating that
> you should have received more potatoes than what was
> served on you tray the evening of July 16, 2013.
>
> In Food Service Manager Porzucek's Grievance Response,
> he stated what was listed on the Master Menu for that
> date and an explanation to you how food trays are
> made up.  The utensils that are used are units of
> measurement, and there is little room for error.  I am
> aware that FSM Porzucek has made it a priority to
> ensure adequate supervision of the preparation of
> RHU/SSNU food trays.
>
> I have no evidence to suggest that you did not receive
> the correct portion of potatoes on the date in question
> since it is impossible for us to go back in time to
> measure what was on your tray, Mr. Glenn.
>
> Additionally, I am glad you have decided to begin eating
> again to maintain you health, proper nutrition, and
> appropriate weight.
>
> I uphold the Grievance Officer's Response and deny your
> Grievance Appeal.

Doc. 18-1, at 6.  Glenn then appealed to Chief Grievance Officer

Varner (Exhibit A-4) which appeal was denied by Varner on

September 12, 2013 (Exhibit A-5).  Varner found that there was no

evidence Glenn "received less than adequate food portions or that

the Dietary Department [was] serving inadequate food portions."

Doc. 18-1, at 8.  She further found that records reflected that

Glenn gained weight from mid-June to mid-July and there was "no evidence to support [Glenn's] claim of food deprivation." Id.

The second batch of exhibits (B and B-1 through B-5) relate to a grievance filed by Glenn on July 18, 2013, Grievance Number 469536, relating to alleged inadequate food portions. Doc. 18-1, at 9-14. The grievance officer, K. Brittain, Acting Deputy for Centralized Services, who is not named as a defendant by Glenn, denied Glenn's grievance on July 30, 2013. (Exhibit B-1) In denying the grievance Brittain found that it was frivolous and stated in pertinent part as follows:

> You state that your food was in different tray slots then another inmate living near you, therefore, you state his portion sizes are bigger.  You state that you are being deprived of food . . . .
>
> I have been advised that you file other grievances of this nature on this same topic.  I have to ask then do you report your observations to staff serving these meals who might be able to document or verify if there may have been a discrepancy.  On the day in question the portion size of potato salad was one half cup or 4 oz.  The fact that FSM Porzucek has told you in the past that tray slots size does not change the portion size. If a half cup ladle is used for the potato salad the portion is the same regardless of the size slot in the tray. The quantity may look different but really is served from the same ladle.
>
> Food service staff does monitor and supervise the preparation of these trays. The portion size is not developed by FSM Porzucek but is identified on a DOC master menu that is decided upon by a Central Office food service staff and approved by a Certified Dietician.  The recommended daily allowance and calories is adhered to at this facility.
>
> Based on your multiple grievances regarding this matter within a few day time period, this grievance is deemed frivolous.  Your claim of rights violations, denial of

10

> equal protection and food deprivation are unfounded and
> your request for monetary compensation is denied.
> The grievance is frivolous in nature and also is DENIED.

Doc. 18-1, at 10.  Glenn then appealed (Exhibit B-2) the denial of

the grievance to Defendant DelBalso who denied the appeal (Exhibit

B-3) on August 7, 2013.  In denying the appeal DelBalso stated as

follows:

> I am in receipt of your Grievance Appeal stating that
> your witness should be interviewed and the Grievance
> Officer's declaring your Grievance frivolous.
>
> In Acting D.S.C.S. Brittain's Grievance Response, she
> was clear and exhaustive in her explanation.  She did
> not need to interview your witness to derive [sic] at
> her conclusions.  I would question, however, how you
> believe another inmate could witness how much food is on
> your tray when you are in a cell by yourself and are
> served by staff members?
>
> I uphold the Grievance Officer's response and declaring
> your Grievance frivolous.
>
> I am citing this Grievance Appeal as frivolous as well;
> this is one of five Grievance Appeals you have submitted
> within a 25-day period that complains about the amount
> of food or the actual item (such as potatoes two times
> in one day) you are receiving.  All inmates are
> receiving what you are receiving, and you are the only
> one who has sent four of these five Grievance Appeals
> in a 5-day period.
>
> Your Grievance is denied.

Doc. 18-1, at 12.  On August 13, 2013, Glenn filed an appeal

(Exhibit B-4) to Chief Grievance Officer Varner which she denied

on September 17, 2013. (Exhibit B-5) In denying the appeal Varner

stated as follows:

11

A review of the record shows that you are filing an
appeal based on your claim that there was no explanation
as to why your grievance was denied or why your witness
was not interviewed regarding your claim that the food
portion you received on 7-7-13 was smaller than the
other portions given to other inmates. You claimed that
the potato salad you received was in a different slot
on the food tray as another inmate which lead you to
believe the portions were smaller.

An investigation into the matter reveals that there is
no evidence to substantiate your claim that the portion
of potato salad you received was smaller than another
inmate's portion.  On the day in question, the portion
size for the potato salad was 4 ounces.  You have been
previously informed that the location of the food on the
tray does not change the portion size and you are not
being deprived of any food.  The Food Service Staff
monitors and supervises the preparation of the food
trays and the food trays are prepared in accordance with
the Master Menu.  There is no evidence to substantiate
your claims and your request for compensation is denied.

18-1, at 14.

The third batch of exhibits (C and C-1 through C-5)

relate to a grievance filed by Glenn on July 24, 2013, Grievance

Number 470142, relating to alleged inadequate food portions. Doc.

18-1, at 15-20. The grievance officer, Food Service Manager

Porzucek, denied Glenn's grievance on July 31, 2013. (Exhibit C-1)

In denying the grievance Porzucek found that it was frivolous and

stated in as follows:

Inmate Glenn AM06697: The meals in question per DOC 2013
Summer/Fall Main Line Master Menu are as follows.  Lunch
Kielbasa 4 oz, Cabbage & Noodles 1 ½ cup, Mustard 2 pkt,
Bread 2 slices, Fruit 1 serving.  Supper; Poultry Salad
4 oz, corn ½ cup, Parsley Potatoes ½ cup, Round Roll 1
each, fruit Crisp 1 cut [sic]. All sample trays and
staff members responsible for making your trays were

12

> questioned.  It was found that all DOC Master Menu
> requirements were followed. There is an ongoing issue
> with your perception of what you should receive and
> what we are required to serve on the trays.  There
> will be no compensation given for this grievance.
> Your rights have not been violated.

Doc. 18-1, at 16. Glenn then appealed (Exhibit C-2) the denial of

the grievance to Defendant DelBalso who denied the appeal (Exhibit

C-3) on August 7, 2013.  In denying the appeal DelBalso stated as

follows:

> I am in receipt of your Grievance Appeal stating that
> your kielbasa "was what is classified as Italian
> sausage" and that you didn't get corn on 7/23/13.
>
> In Food Service Manager Porzucek's Grievance Response,
> he stated what was listed on the Master Menu for that
> date.  I believe your tray was prepared in good faith
> according to those guidelines.  Does that mean that
> human beings working in food service never make a
> mistake?  No. For the thousands of meals prepared in the
> kitchen every day, and the time constraints and
> staffing changes under which they are prepared, it is
> inconceivable to think an error is never made.
>
> If, as you say, you did not get corn with your meal
> on that date, please know that [it] was an inadvertent
> error.  An error made so infrequently, if it was indeed
> made, that filing a Grievance regarding the matter seems
> somewhat extreme.  Yes, I know you may do so, and did. I
> find that staff have sufficiently answered your
> concerns.
>
> You are also grieving the fact that he has declared your
> Grievance frivolous.  Then you cite that he needs to
> interview your witness before he can make that
> determination. That is not correct.  However, even
> if we wished to, we cannot interview any male C.O. named
> Doliva regarding corn on your tray on 7/23/13; there
> is no male with that name working at this institution.
>
> I uphold the Grievance Officer's Response and his

13

declaring your Grievance frivolous.

I am citing this Grievance Appeal as frivolous as well;
this is one of five Grievance Appeals you have submitted
within a 25-day period that complains about the amount
of food or the actual item (such as potatoes two times
in one day) you are receiving.  All inmates are
receiving what you are receiving and you are the only
ones who has sent four of these five Grievance Appeals
in a 5-day period.

Your Grievance Appeal is denied.

Doc. 18-1, at 18. On August 13, 2013, Glenn filed an appeal

(Exhibit C-4) to Chief Grievance Officer Varner which she denied

on September 17, 2013. (Exhibit C-5) In denying the appeal Varner

stated as follows:

A review of the record shows that you are filing an
appeal based on your claim that on 7-23-13, the lunch
meal did not contain a vegetable and you believe you are
being deprived of food.  As a result, you are asking to
be compensated for damages.  The Facility Manager
explained why this grievance was frivolous, however you
believe the reason is not valid due to no explanation
made in the initial response.

An investigation into the matter reveals that there is
no evidence to substantiate your claim that food (corn)
was missing from your tray on 7-23-13. The food trays
are monitored by staff to ensure that you are served the
correct food portions and the meals are prepared in
accordance with the Master Menu.  If you did not receive
something on your tray that you believed was missing,
you should inform staff at the time it is given you.
The grievance was determined to be frivolous due to the
fact that you are receiving the same food as every other
inmate and there is no evidence to substantiate
your claims.  Your request for compensation is denied.

18-1, at 20.

The fourth batch of exhibits (D and D-1 through D-5) relate to a grievance filed by Glenn on July 25, 2013, Grievance Number 470534, relating to alleged inadequate food portions. Doc. 18-1, at 21-26. The grievance officer, Food Service Manager Porzucek, denied Glenn's grievance on July 31, 2013. (Exhibit D-1) In denying the grievance Porzucek found that it was frivolous and stated in toto as follows:

> Inmate Glenn AM-6697: The DOC Summer/Fall Master Menu requirements for the meals in question are as follows: Lunch, Vegetable Egg Scramble 1 serving, Oven Browned Potatoes ½ cup, Stewed Tomatoes ½ cup, Bread 2 slices, Margarine 2 tsp, and fruit 1 serving. Supper, Salisbury Steak 4 oz, gravy 1/4 cup, Whipped Potatoes ½ cup, Carrots ½ cup, Bread 2 slices, Margarine 2 tsp, fruit 1 serving. Again there is an issue with our requirements and your perception of deprivation.  This grievance [is] denied and deemed frivolous.  No compensation will be given.

Doc. 18-1, at 22. Glenn then appealed (Exhibit D-2) the denial of the grievance to Defendant DelBalso who denied the appeal (Exhibit D-3) on August 7, 2013.  In denying the appeal DelBalso stated as follows:

> I am in receipt of your Grievance Appeal stating that you should not have received potatoes twice in one day.

> In Food Services Manager Porzucek's Grievance Response, he stated what was listed on the Master Menu for that date.  All inmate[s] received potatoes (prepared differently) with the lunch meal and the supper meal on that particular day.

> You are also grieving the fact that he has declared your

Grievance frivolous.  Then you cite what you believe he has to do before he can make that determination; you are in error.

I uphold the Grievance Officer's Response and his declaring your Grievance frivolous.

I am citing this Grievance Appeal as frivolous as well; this is one of five Grievance Appeals you have submitted within a 25-day period that complains about the amount of food or the actual item (such as potatoes two times in one day) you are receiving.  All inmates are receiving what you are receiving, and you are the only one who has sent four of these five Grievance Appeals in a 5-day period.

Your Grievance is denied.

Doc. 18-1, at 24. On August 13, 2013, Glenn filed an appeal (Exhibit D-4) to Chief Grievance Officer Varner which she denied on September 17, 2013. (Exhibit D-5) In denying the appeal Varner stated in toto as follows:

A review of the records show that you are filing an appeal based on your claim that on 7-25-13, you received potatoes twice in one day.  You claim that the Grievance Officer failed to state why the grievance was frivolous and that the Superintendent cannot then explain why it is frivolous.  You claim that this is a violation of policy and you want that determination removed.

An investigation into the matter reveals that the menu for the day in question showed that for lunch, you received Vegetable Egg Scramble, Oven Browned Potatoes, Stewed Tomatoes, Bread and Fruit.  You did receive potatoes two times that day, however, that does not equal torture or punishment as you stated.  The Grievance Officer did determine the grievance to be frivolous and you appealed that determination to the Superintendent.  The Superintendent addressed your concerns in her response related to the frivolous determination and it was upheld.  The grievance was

16

> determined to be frivolous due [to] the lack of merit related to the food you say you are not receiving.  This frivolous determination is upheld based on the fact that receiving potatoes two times in one day is not torture or any form of punishment as you stated.  Your request for compensation is denied.

18-1, at 26.

The fifth batch of exhibits (E and E-1 through E-5) relate to a grievance filed by Glenn on July 27, 2013, Grievance Number 470782, relating to alleged inadequate food portions. Doc. 18-1, at 27-32. The grievance officer, Food Service Manager Porzucek, denied Glenn's grievance on July 31, 2013. (Exhibit E-1) In denying the grievance Porzucek found that it was frivolous and stated in toto as follows:

> Inmate Glenn AM-6697: The requirements for the meal in question were Un-breaded Fish 4 oz, Potatoes ½ cup, cabbage ½ cup, Bread 2 slices, margarine 2 tsp, and Ice Cream ½ cup.  You received the required portion dictated by the DOC Master Menu.  Your perception of your entitlement and what the actual requirements are is where your confusion lies.  You are served what is required by DOC Master Menu Guidelines.  You are not deprived, and there is no Constitutional violations State or Federal.  There will be no compensation given.

Doc. 18-1, at 28. Glenn then appealed (Exhibit E-2) the denial of the grievance to Defendant DelBalso who denied the appeal (Exhibit E-3) on August 7, 2013.  In denying the appeal DelBalso stated as follows:

> I am in receipt of your Grievance Appeal stating that your baked potato was not a ½ cup serving.

17

In Food Services Manager Porzucek's Grievance Response, he stated what was listed on the Master Menu for that date and the amount that should be served (½ cup). Since baked potatoes were served, it's difficult to imagine yours was the size of a "golfball" or that you would even know how many ounces was actually in the potato you were served.

You are also grieving the fact that he has declared your Grievance frivolous.  Then you cite what you believe he has to do before he can make that determination; you are in error.

I uphold the Grievance Officer's Response and his declaring your Grievance frivolous.

I am citing this Grievance Appeal as frivolous as well; this is one of five Grievance Appeals you have submitted within a 25-day period that complains about the amount of food or the actual item (such as potatoes two times in one day) you are receiving.  All inmates are receiving what you are receiving, and you are the only one who has sent four of these five Grievance Appeals in a 5-day period.

Your Grievance is denied.

Doc. 18-1, at 30. On August 13, 2013, Glenn filed an appeal

(Exhibit E-4) to Chief Grievance Officer Varner which she denied

on September 17, 2013. (Exhibit E-5) In denying the appeal Varner

stated in toto as follows:

A review of the record shows that you are filing an appeal based on your claim that the Facility Manager does not know what is actually served on the food trays and that you can file as many grievances that you want to as long as they are in good faith.  You dispute that the Grievance Officer deemed it to be frivolous however you appealed that because it was not explained.  The grievance you filed was related to your claim that the potato you received on 7-27-13 was the size of a golf ball and you believe you are being

deprived of food by the kitchen staff.

An investigation into the matter reveals that there is
no evidence to substantiate your claim that you are
being deprived food for any reason.  The serving size
for the potato on that day is ½ cup in accordance with
the Master Menu. The initial grievance was determined
to be frivolous due to the fact that your claims lack
merit because all inmates are receiving the same amounts
and types of food on the trays and you are not being
deprived of any foods.  The Superintendent's response
and frivolous determination is upheld due to the fact
that staff have not violated your constitutional rights
(as you claim) and you are being provided with meals in
accordance with policy.  Your request for compensation
is denied.

18-1, at 32.

The sixth batch of exhibits (F and F-1 through F-4)
relate to a grievance restriction Glenn was placed on by Christine
McMillan, the Facility Grievance Coordinator at SCI-Retreat, on
August 7, 2013.  The grievance restriction imposed by Defendant
McMillan states in part as follows:

In accordance with the provisions of DC-ADM 804, "Inmate
Grievance System Policy", Section VI D, an inmate
who files 5 frivolous grievances within a 30-day period
may be restricted to filing no more than one grievance
each 15 working days.  The 15 working days begins the
first working day following the date the inmate was
placed on restriction. An inmate may be placed on
grievance restriction for a maximum of 90 days. An
inmate may appeal a grievance restriction to the
Facility Manager.

*    *    *    *    *    *    *    *    *    *    *

This memo is formal notification that you have been
put on Grievance Restriction as a result of more than
five (5) Frivolous Grievances filed within the past
month.

19

This Grievance Restriction is effective Wednesday, August 7, 2013, and may remain in effect for a maximum of ninety (90) days.  During this Grievance Restriction, you are allowed to file one (1) Grievance each fifteen (15) working days.  You may appeal this decision to the Superintendent.

You are cautioned that, if you file a Frivolous Grievance while on this Grievance Restriction, a longer period of Grievance Restriction may be imposed.

Doc. 18-1, at 33.  The grievance restriction further specified the five frivolous grievances (469086, 469536, 470142, 470534 and 470782) reviewed above.  Glenn filed an appeal of the grievance restriction (Exhibit F-1) on August 7, 2013.  On August 16, 2013, Defendant DelBalso denied the appeal. (Exhibit F-2)  In denying the appeal DelBalso stated in toto as follows:

I have reviewed and investigated your Grievance Restriction Grievance Appeal.

You are appealing the Grievance Restriction placed on you on Wednesday, August [7], by Christine McMillan, [SCI-Retreat's] Facility Grievance Coordinator. I note the Grievance Numbers found Frivolous in your Grievance Restriction Notice were the following: #469086/#469536/#470142/#470534/#470782.

After review of the aforementioned grievances, **I Uphold the Grievance Restriction**.

Doc. 18-1, at 35.  On August 16, 2013, Glenn appealed DelBalso's decision to Chief Grievance Coordinator Varner who on October 23, 2013 upheld the grievance restriction. (Exhibit F-4) In so doing she stated as follows:

20

> You are appealing your placement on grievance
> restriction.  Each grievance listed on the notice
> was reviewed and institutional staff found that your
> claims within those grievances were frivolous. The
> record reflects that your grievance restriction
> placement is correct.  The following grievances filed
> by you were determined to be frivolous.
>
> 469086, 469536, 470142, 470534, 470782
>
> Your placement on grievance restriction is based on
> the fact that you filed 5 or more frivolous grievances
> within a 30 day period and that restriction is in
> accordance with DC Adm 804.  The record reflects that
> you filed numerous grievances within a 30 day period,
> five of which were deemed frivolous.  Grievance
> restriction is appropriate; therefore, your appeal is
> denied.
>
>
> You are encouraged to review DC ADM 804 in order to
> familiarize yourself with the grievance procedures.

Doc. 18-1, at 38.

In the amended complaint, Glenn alleged that DelBalso "violated [his] First Amendment rights by retaliating against him for exercising a protected constitution right to file said grievance" and that the "retaliatory actions are evident in her responses to [his] appeals of said grievances (Exhibit C-3, D-3, and E-3[.]" Based on the above review of the exhibits attached to Glenn's amended complaint, Glenn's claim is devoid of merit. There are no factual assertions in the complaint from which it could reasonably be concluded that DelBalso had a retaliatory animus. Furthermore, DelBalso's responses to Glenn's grievances attached as exhibits to his amended complaint do not provide a

reasonable basis to conclude that DelBalso had a retaliatory animus.  The exhibits reveal that DelBalso was not responsible for the issuance of the grievance restriction.  Defendant McMillan issued that restriction and Defendant DelBalso's involvement was merely with respect reviewing the grievance appeals filed by Glenn.  Reviewing the allegations in the complaint and the exhibits attached thereto in the light most favorable to Glenn, no person could reasonably conclude that DelBalso had a retaliatory animus entitling Glenn to relief under the First Amendment.  It is clear from the exhibits that the grievance restriction was imposed because Glenn filed 5 frivolous grievances within a 30-day period. The allegations in the complaint and the exhibits attached thereto do not provide Glenn with a plausible basis for relief.  Under the circumstances, the court is confident that further proceedings would be unwarranted and would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.  See Roman, 904 F.2d at 195 n.3.  Accordingly, the amended complaint will be dismissed without further leave to amend as it would be inequitable and futile to grant Glenn a further opportunity.

An appropriate order will be entered.